IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CLAUDELL L. MACK, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 04-0307-BH-B |
| ST MOBILE AEROSPACE ) | |
| ENGINEERING, INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER**

This action is before the Court on defendant's bill of costs (Doc. 47), by which defendant seeks reimbursement of deposition costs in the amount of $9,252.05 and costs of $1,025.49 for photocopies of documents produced in discovery.[1] Upon consideration of the items sought to be taxed by the defendant, ST Mobile Aerospace Engineering, Inc. ("MAE"), plaintiffs' response in opposition thereto (Doc. 53), MAE's reply (Doc. 55), and all other pertinent portions of the record, the Court concludes and it is therefore **ORDERED** that MAE's request for costs is due to be and is hereby **GRANTED** in that Costs are **TAXED** against the plaintiffs, Claudell L. Mack, Theodore Carthen, Jon Keith George, Earl J. Mallory, Clarence McDonald III, and Damon Wayne, in the amount of $10,445.24, or approximately $1,740.87 per plaintiff.[2]

Contrary to plaintiffs' contention, the items sought to be taxed do not include any charge for a copy of the depositions at issue and MAE is entitled to be reimbursed for the

---

[1]*See also*, Defendant's Brief Regarding Taxation of Costs (Doc. 51).

[2]A residual of two cents remains when the costs herein authorized are divided by six. The Court assumes that the parties can resolve this inconsequential dilemma.

costs of expedited transcripts necessitated by the postponement of plaintiffs' depositions to accommodate plaintiffs' counsel.  The basic per-page rate of plaintiffs' depositions was $3.50, not $4.85, and MAE has demonstrated that such rate is consistent with rates generally charged by court reporters in Mobile, Alabama.  Although the depositions of George Bell and Richard Wellington were noticed by the plaintiffs and not MAE, copies of these deposition transcripts were reasonably and necessarily obtained by MAE for use in the case and MAE is entitled to tax the costs against the plaintiffs.  As to plaintiffs' argument concerning the alleged chilling effect of this cost award, the Court concludes that: (1) although this action may not have been entirely frivolous, it was clearly not "meritorious"; (2) the $1,740.87 required to be paid by each plaintiff is reasonable under the circumstances of this case; and (3) the evidence of record does not substantiate either plaintiffs' contention that the taxation of costs in this case would cause any greater financial strain than experienced by any other unsuccessful plaintiff or that "mitigating circumstances warrant a lowering of this cost bill."

**DONE** this 20th  day of September, 2005.

                                                        s/ W. B. Hand
                                        SENIOR DISTRICT JUDGE